UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DWAYNE ANTHONY BRUCE

V.                                              CIVIL ACTION NO.
                                                  3:09CR74 - J

JOSEPH MEKO, WARDEN

MEMORANDUM OPINION

On February 6, 2009, Mr. Bruce filed his action pursuant to 28 U.S.C. Sec. 2254, claiming that his incarceration as a result of his February 1997 conviction violated his rights under the United States Constitution.  Among his claims is denial of effective assistance of counsel.

Respondent has moved to dismiss the action on grounds that Mr. Bruce has not exhausted his state remedies.  In support of dismissal, the Warden has submitted copies of state court records that reflect state court action regarding Mr. Bruce's appellate challenge to his 250 month sentence.  In a motion filed with the trial court, Mr. Bruce's counsel stated as follows (in pertinent part):

> On September 1, 2006, the Kentucky Court of Appeals affirmed in part, vacated in part, and remanded in part ....  The appellate court ordered the trial court to hold an evidentiary hearing on trial counsel's failure to request lesser-included instructions and counsel's failure to investigate, interview, and subpoena favorable defense witnesses.

Respondent's motion, Exhibit A.  That June 24, 2009 motion recounted a history showing that proceedings regarding Mr. Bruce's challenges to his conviction had been held in abeyance, and the motion asked that the evidentiary hearing be scheduled.

Thus, at the time he filed his petition in this Court, Mr. Bruce's claims regarding

ineffective assistance of counsel were still under state court consideration, and there is no showing that those proceedings have yet concluded.  Title 28 U.S.C. Sec. 2254(b) precludes federal court action "unless it appears that ... the applicant has exhausted the remedies available in the courts of the State."  The Sixth Circuit has reaffirmed its adherence to this requirement: "The federal court will not review unexhausted claims."  Murphy v. Ohio, 551 F.3d 485, 501 (6th Cir. 2009).

As Mr. Bruce has not presented evidence that he has exhausted all state court challenges to his conviction, this matter must be dismissed.